ORCUTT, Appellant, v. CENTURY BUILDING COMPANY et al.

Division One, February 22, 1907.

1. **ELEVATORS: Carriers.** A person or corporation operating an elevator to transport persons or property from one floor to another of a building, is as much a carrier as is a person or corporation operating a railroad or stage coach. The law governing railroads and other carriers applies with equal force to the operator of an elevator.

2. ———: **On Freight Car: Passenger or Licensee?** The evidence shows that there were six passenger elevators in the building and one freight elevator, and that passengers generally used the passenger elevators, and all the workmen, like plaintiff, engaged in the transportation of freight for a tenant of the building, rode on the freight elevator. *Held*, that plaintiff was a passenger, and not a licensee, and defendants owed him the care due a passenger on a common carrier under like circumstances;

that is, the same degree of care due a passenger on a railroad freight train, the passenger in such case assuming the usual and ordinary inconveniences and the additional hazards incident to the mode of conveyance. He can, therefore, complain of the negligent operation of the elevator, or of the defective machinery and appliances used in operating it.

3. **INJURY TO PASSENGER: Negligence: Cause of Injury.** The relation of passenger and carrier having been established, it is not incumbent upon plaintiff to show the cause of the accident, where general negligence is pleaded. It is sufficient to show the accident and the attendant circumstances and conditions; that done, negligence on defendant's part will be presumed, and the burden then shifts to defendant to show that there was no negligence in the construction or operation of the elevator.

4. ———: ———: ———: **Special Causes Pleaded.** Where the passenger alleges general negligence, the burden is on defendant to show the cause of the accident. This burden is placed on defendant because the carrier is in a position to know of defects in the machinery and the other facts which caused the injury, while the passenger is not. But if the passenger in his petition alleges specific acts of negligence as the cause of the accident, he is presumed to know of them as well as defendant, and having charged them he must prove them or fail to recover.

5. ———: **Instruction: Care.** Where the relation of passenger and carrier exists, the law requires the highest degree of care, and it is error to refuse an instruction for plaintiff requiring that care. Whether the passenger is upon a passenger train or elevator, or upon a freight train or elevator, he is entitled to that high degree of care; and that is true, although plaintiff may by the specific allegations of his petition have assumed the burden of proving the specific causes of the accident.

6. ———: **Harmless Error.** Where examination of the evidence reveals a case in which the verdict might have been for plaintiff had the court given an instruction which indicated the proper care due him, the judgment will not be affirmed on the insistence that the verdict is for the right party and should be affirmed notwithstanding the error.

7. **ELEVATORS: Negligence: Liability of Trustee and Agent.** A trust company was made trustee under a deed of trust given to secure the bonds issued by the company that owned the building, and by written instrument attorney in fact irrevocable to rent the building, collect the rents, and pay taxes, ground rent, interest on bonds, insurance and all expenses connected with

the maintenance, repairs and management of the building; it was not only given control over the purse-strings, but full management and control of the building, and employed the caretakers, including the elevator operators, and paid them. *Held*, that it is liable for personal injuries to a third person (a passenger on the freight elevator) caused by the negligent operation of the elevator, or by defective elevator machinery.

8. ———: ———: ———: **Misfeasance.** Where an agent undertakes to do for a principal a particular work, and has actually entered upon the performance of that work, and in doing it fails to respect the rights of third parties, by doing some wrong, whether of omission or commission, as where he fails or neglects to use reasonable care and diligence in the performance of that work, he is guilty of misfeasance, and will be personally responsible to such third person who is injured by reason of such misfeasance.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*John A. Gilliam* and *Luther Ely Smith* for appellant.

(1) Both parties defendant were liable if there was any negligence. Carterville v. Cook, 129 Ill. 152; McGregor v. Reid, 178 Ill. 471; Griffin v. Manice, 166 N. Y. 197; Beidler v. Branshaw, 200 Ill. 425, 102 Ill. App. 187; Wright v. Wilcox, 19 Wend. (N. Y.) 343; Harriman v. Stowe, 57 Mo. 99; Lottman v. Barnett, 62 Mo. 169; Bell v. Josselyn, 3 Gray 309; Martin v. Benoist, 20 Mo. App. 270. Under some circumstances the omission of an act which one ought to do may amount to a positive misfeasance. Ellis v. McNaughton, 76 Mich. 237; Baird v. Shipman, 132 Ill. 16; Campbell v. Sugar Co., 62 Me. 566; Mechem, Agency, sec. 572. The evidence showed that defendants had not complied with the ordinance in regard to inspection, and tended to show a woeful lack of proper inspection. Wendler v. House Furn. Co., 165 Mo. 527; Sluder v. Railroad, 88

S. W. 648; Schlereth v. Railroad, 96 Mo. 516; Hartford
Deposit Co. v. Sollitt, 172 Ill. 222; Springer v. Ford,
189 Ill. 430; Goodsell v. Taylor, 41 Minn. 207; Ray,
Neg. Pass. Carriers, secs. 96-97-98-99. And the trust
company having entered upon the performance of run-
ning this building and making repairs at its discretion,
was liable for misfeasance in not doing the duties im-
posed by law. Kenney v. Lane (Tex. Civ. App.), 36 S.
W. 1063; Osborne v. Morgan, 130 Mass. 102. Whether
defendant made proper inspection is for the jury. Tate-
man v. Railroad, 96 Mo. App. 454; Coontz v. Railroad,
121 Mo. 658; Siela v. Railroad, 82 Mo. 430; Nicholds v.
Plate Glass Co., 126 Mo. 658; Dedrick v. Railroad, 21
Mo. App. 436; Bartley v. Trorlicht, 49 Mo. App. 227;
Gutridge v. Railroad, 105 Mo. 529. Freight elevator
highest practicable care: Beidler v. Branshaw, 102 Ill.
App. 187, 200 Ill. 425. Passenger elevator: Bldg. Co.
v. Nelson, 197 Ill. 334; Becker v. Lincoln R. E. Bldg.
Co., 73 S. W. 581. Freight train: Erwin v. Railroad,
94 Mo. App. 296; McGee v. Railroad, 92 Mo. 208; Wag-
ner v. Railroad, 97 Mo. 512; Whitehead v. Railroad, 99
Mo. 263; Guffey v. Railroad, 53 Mo. App. 462; Wait v.
Railroad, 65 S. W. 1028; Hardin v. Railroad, 77 S. W.
431; Railroad v. Jordan, 76 S. W. 145. Care commen-
surate with the danger: Railroad v. Fort, 80 S. W. 434.
Violation of ordinance prima facie negligence: Giles
v. Diamond State Iron Co., 7 Houst. 453. Failure to
comply with ordinance negligence *per se*: Wendler
v. People's H. F. Co., 165 Mo. 527; Holden v. Railroad,
108 Mo. App. 665, 84 S. W. 133; Jackson v. Railroad,
157 Mo. 621; Hutchinson v. Railroad, 161 Mo. 246;
Weller v. Railroad, 164 Mo. 180; Murry v. Railroad,
101 Mo. 236; Brannock v. Elmore, 144 Mo. 55;
Shearman & Redfield on Neg., sec. 13. Statu-
tory duty burden on defendant: Ditch Co. v.
Zimmerman, 4 Colo. App. 78; Sewell v. Moore,
166 Pa. 570; Canal & M. Co. v. Dowell, 17 Colo.
376; Willy v. Mulledy, 78 N. Y. 310; McRickard v.

Flint, 114 N. Y. 228. Highest degree of care required in the construction, repairs and operation of an elevator. Becker v. Trust Co., 174 Mo. 246, 73 S. W. 581; Lee v. Publishers, Knapp & Co., 155 Mo. 634; Mitchell v. Marker, 62 Fed. 140; Deposit Co. v. Sollitt, 172 Ill. 222; Springer v. Ford, 189 Ill. 430; Oberndorfer v. Pabst, 100 Wis. 513; Treadwell v. Whittier, 80 Cal. 574; Hotel Co. v. Camp, 97 Ky. 424; Levy v. Campbell, 19 S. W. 440; Goodsell v. Taylor, 41 Minn. 207; Oberfelder v. Doran, 26 Neb. 118; Bank v. Morgolofski, 75 Md. 432; Ellis v. Waldron, 19 R. I. 369; 10 Am. and Eng. Ency. Law (2 Ed.), 946 to 950; Hodges v. Percival, 132 Ill. 53; Riland v. Hirshler, 7 Pa. 384; Bldg. Assn. v. Lawson, 97 Tenn. 397; Ray on Imposed Obligations, secs. 96 to 101. Fall of elevator from breakage of machinery raises a presumption of negligence. Treadwell v. Whittier, 80 Cal. 574; Goodsell v. Tayloy, 41 Minn. 207; Griffin v. Manice, 166 N. Y. 197; Deposit Co. v. Sollitt, 172 Ill. 222; Springer v. Ford, 189 Ill. 430; 10 Am. and Eng. Ency. Law (2 Ed.), 946 to 949; McGregor v. Reid, 178 Ill. 471; Ray on Imposed Obligations, Personal, secs. 96 to 101; Minster v. Railroad, 53 Mo. App. 276; Miller v. Railroad, 5 Mo. App. 480; Hill v. Scott, 38 Mo. App. 374; Yerkes v. Packet Co., 7 Mo. App. 265; Sharp v. Railroad, 114 Mo. 104; Cambron v. Railroad, 165 Mo. 543. Carriers, whether by contract or general invitation, owe the same duties. 10 Am. and Eng. Ency. Law (2 Ed.), 946, note 3. Violation of ordinance when pleaded and proven is negligence *per se*. The court cannot take such evidence from the jury. Hirst v. Ringen R. E. Co., 169 Mo. 194; Wendler v. People's H. F. Co., 165 Mo. 541; Goss v. Railroad, 57 Mo. App. 574; Weber v. Railroad, 45 Mo. App. 123; Weber v. Railroad, 100 Mo. 194; Bowman v. Railroad, 85 Mo. 333; Eswin v. Railroad, 96 Mo. 290; Schlereth v. Railroad, 96 Mo. 509; Huckshold v. Railroad, 90 Mo. 548; Weller v. Railroad, 120 Mo. 635. Same degree of care required of the operator of a

freight train or a freight elevator as of a passenger train or passenger elevator. McGee v. Railroad, 92 Mo. 208; Railroad v. Horst, 93 U. S. 297; Springer v. Ford, 189 Ill. 450; Ellis v. Waldron, 19 R. I. 369; O. & M. R. W. Co. v. Dickson, 59 Ind. 321; Wait v. Railroad, 165 Mo. 621; Railroad v. Mahling, 30 Ill. 9; Dunn v. Railroad, 58 Me. 197; Penna. Co. v. Newmeyer, 129 Ind. 404; Dodge v. Steamship Co., 148 Mass. 218; Olds v. Railroad, 172 Mass. 77. (2) Instruction 4 given is extremely vicious. One vice of this instruction is that it excluded question of negligence or unskillfulness in the operation of the elevator; a second, that it requires only ordinary care; a third, that it requires the plaintiff to prove exactly what caused the elevator to fall. It needs no argument to show the error in this instruction, which covered the whole case, in excluding negligence or unskillfulness in operation. The doctrine of ordinary care therein stated was incorrect, and opposed to all the cases hereinbefore cited. Holding the plaintiff to prove exactly what caused the accident is opposed to the proper rule in every case of negligence where the jury have a right to draw a fair inference from the facts proven, or where more than one act of negligence is charged and more than one thing may contribute to the injury. Burger v. Railroad, 112 Mo. 245. Even if the jury do not all agree as to the exact cause of the injury, yet if they concur that there was negligence on the part of defendant, they should find for the plaintiff. Holden v. Railroad, 108 Mo. App. 665, 84 S. W. 133; Wacher v. Railroad, 108 Mo. App. 645. Where several proximate causes contribute to an accident, and each is an efficient cause without which the accident would not have happened, it may be attributed to all or any of these causes. Ring v. City of Cohoes, 77 N. Y. 83. Where it is impossible to show by direct evidence and with absolute certainty from what cause the occurrence proceeded, something was necessarily left to inference, not a merely speculative

but a rational inference based upon all the circumstances of the case. Matteson v. Railroad, 35 N. Y. 490; Duerst v. St. Louis Stamp. Co., 163 Mo. 622. Instruction 5, as given, also says: "The court instructs the jury that the mere fact that the elevator in question fell on the occasion in question creates no presumption that said fall was due to any negligence on the part of said defendants." That is opposed to the entire doctrine of *res ipsa loquitur*, and specifically in the teeth of too many cases to justify their citation, but some are: Railroad v. McIntyre (Tex. Civ. App.), 82 S. W. 346; Newcomb v. Railroad, 169 Mo. 424; Treadwell v. Whittier, 80 Cal. 574; Goodsell v. Taylor, 41 Minn. 207; Griffin v. Manice, 166 N. Y. 197; Deposit Co. v. Sollitt, 172 Ill. 222; Springer v. Ford, 189 Ill. 430; 10 Am. and Eng. Ency. Law (2 Ed.), 946 to 949; McGregor v. Reid, 178 Ill. 471; Ray on Imp. Oblig. Personal, secs. 96 to 101; Minister v. Railroad, 53 Mo. App. 276; Miller v. Railroad, 5 Mo. App. 480; Hill v. Scott, 38 Mo. App. 374; Yerkes v. Packet Co., 7 Mo. App. 265; Sharp v. Railroad, 114 Mo. 104; Cambron v. Railroad, 165 Mo. 558. The fall of an elevator affords prima facie evidence of negligence. Gerlach v. Edelmeyer, 15 Jones and S. 292; Mullen v. St. John, 57 N. Y. 567; Thompson on Neg., sec. 1082; Kenney v. Railroad, 80 Mo. 576; Dowell v. Guthrie, 99 Mo. 664; Schepers v. Railroad, 126 Mo. 671; Moberly v. Railroad, 98 Mo. 186; Rapp v. Railroad, 106 Mo. 428; Myers v. City of Kansas, 108 Mo. 487. Burden of disproving negligence on carrier. Allen v. Railroad, 183 Mo. 433; Blanton v. Dold, 109 Mo. 64; Redmon v. Railroad, 185 Mo. 1; Mooney v. Lumber Co., 154 Mass. 407; Lee v. Railroad (Mo.), 87 S. W. 23; Kelly v. Railroad, 87 S. W. 583; Posey v. Scoville, 10 Fed. 140; Smith v. Railroad, 18 Fed. 304; Griffin v. Railroad, 148 Mass. 143. Falling of a building, burden on defendant: Giles v. Diamond State Iron Co., 7 Houst. (Del.) 453; Mullen v. St. John, 57 N. Y. 567. *Res*

*ipsa loquitur*: Hill v. Scott, 38 Mo. App. 374; Scott v. London & St. Cath. Dock Co., 3 Hurl. & C. 601; Czech v. Gen. Steam Nav. Co., L. R. 3 C. P. 18; Trans. Co. v. Downer, 11 Wall. 134; Och v. Railroad, 130 Mo. 52; Kaples v. Orth, 61 Wis. 531; Minster v. Railroad, 53 Mo. App. 276; Cummings v. Furnace Co., 60 Wis. 603; Mulcairn's Admn. v. Janesville, 67 Wis. 24; Carroll v. Railroad, 99 Wis. 99; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551; Judson v. Powder Co., 107 Cal. 549, 29 L. R. A. 708.    (3) Liability of agent: Ayles v. Railroad, 88 S. W. 1050; Clark & Skyles on Agency, secs. 594, 595; Lysley v. Clarke, 14 Eng. Law & Eq. 510; Perkins v. Smith, 1 Wils. 328; Mayer v. Bldg. Co., 104 Ala. 611; Brownell v. Fisher, 37 Cal. 130; Miller v. Staples, 3 Colo. App. 93; Bennett v. Ives, 30 Conn. 329; Reed v. Peterson, 91 Ill. 288; Peck v. Cooper, 112 Ill. 192; Johnson v. Barber, 10 Ill. 425; Baird v. Shipman, 132 Ill. 16; Berghoff v. McDonald, 87 Ind. 549; McNaughton v. Elkhart, 85 Ind. 384; Blue v. Briggs, 12 Ind. App. 105; Poole v. Adkisson, 1 Dana (Ky.) 110; Campbell v. Hillman, 15 B. Mon. (Ky.) 508; Martin v. Railroad, 95 Ky. 612; Delaney v. Rocherau, 34 La. Ann. 1123; Richardson v. Kimball, 28 Me. 463; Campbell v. Portland Sugar Co., 62 Me. 562; Hedden v. Griffin, 136 Mass. 229; Osborne v. Morgan, 130 Mass. 102; Weber v. Weber, 47 Mich 569; Josselyn v. McAllister, 22 Mich. 300; Starkweather v. Benjamin, 32 Mich. 306; Ellis v. McNaughton, 76 Mich. 237; Buis v. Cook, 60 Mo. 391; Harriman v. Stowe, 57 Mo. 95; Martin v. Benoist, 20 Mo. App. 262; Lottman v. Barnett, 62 Mo. 159; Horner v. Lawrence, 37 N. J. L. 46; Jenne v. Sutton, 43 N. J. Law 257; Crane v. Onderdonk, 67 Barb. (N. Y.) 47; Murray v. Usher, 117 N. Y. 542; Suydam v. Moore, 8 Barb. (N. Y.) 358; Van Antwerp v. Linton, 89 Hun (N. Y.) 417, affirmed in 157 N. Y. 716; Erwin v. Davenport, 9 Heisk. (Tenn.) 44; Drake v. Hagan, 108 Tenn. 265; Baker v. Wasson, 53 Tex. 150; Greenberg v. Whitcomb Lumber Co., 90 Wis. 225.    "In other

cases, however, it is held that an agent who has the complete control and management of premises, and who is bound to keep them in repair, is liable to a third person for injuries resulting to the latter while using the premises in an ordinary and appropriate manner, through the negligence of such agent to keep the premises in proper repair.'' Clark & Skyles, Agency (1 Ed.), sec. 596, p. 1302; Baird v. Shipman, 132 Ill. 16; Mayer v. Thompson-Hutchinson Bldg. Co., 104 Ala. 611; Campbell v. Portland Sugar Co., 62 Mo. 566; Ellis v. McNaughton, 76 Mich. 237; Lough v. John Davis & Co., 30 Wash. 204.

*Seddon & Holland* and *Collins & Chappell* for respondents.

(1) The judgment should be affirmed because it is for the right party. (a) Appellant was not a passenger on the freight elevator in question, but was on same as a mere licensee for his own convenience. Respondent, therefore, owed no duty in reference to the construction or condition of the said elevator. O'Brien v. Western Steel Co., 100 Mo. 182; Amerine v. Porteous, 105 Mich. 347; Bellows v. Moores, 162 Mass. 42; Reardin v. Thompson, 149 Mass. 267; McGee v. Compton, 66 Ill. 327; Stevens v. Nichols, 155 Mass. 472; Converse v. Walker, 30 Hun 596; Benson v. Railroad, 177 Md. 535; Strucker v. Vansteckler, 132 N. Y. 499; Heinlein v. Railroad, 147 Mass. 136; Metcalf v. Cunard S. S. Co., 147 Mass. 66; Evansville v. Griffin, 100 Ind. 221; Sievers v. Peters Box & Lumber Co., 151 Ind. 642; Parker v. Portland Pub. Co., 69 Me. 173; Faris v. Hoburg, 134 Ind. 269; Pierce v. Whitcomb, 48 Vt. 127. (b) The rule of *res ipsa loquitur* has no application in a case of this kind, and appellant utterly failed to prove that the fall of the elevator was due to any negligence on the part of the respondent. Feary v. Railroad, 162 Mo. 75; Epperson v. Tel. Co., 155 Mo. 346; Oglesby v.

Railroad, 76 S. W. 629; Warner v. Railroad, 178 Mo. 125.    (2) Even had appellant been on the freight elevator by invitation, the degree of care owed by the respondent would not have been the highest degree of care, but ordinary care.  Hall v. Murdock, 72 Md. 178; Sievers v. Peters Box & Lumber Co., 151 Ind. 642; Burgen v. Stowe, 96 S. W. 29.    (3) The court did not err in refusing to give instruction 3 asked by respondent. There was no evidence in the case of any failure on the part of the respondent to inspect the elevator in question, or that any defect could have been discovered upon inspection.  It is erroneous to give an instruction where there is no evidence upon which to base it.  Stone v. Hunt, 114 Mo. 66; State v. Hook, 102 Mo. 110; Evans v. Interstate Co., 156 Mo. 50; State v. Brown, 145 Mo. 680; Wilkerson v. Eilers, 114 Mo. 245.    (4) Even had appellant been on the freight elevator in question upon invitation of respondent, the latter would have owed him only the duty of exercising ordinary care to see that the elevator was in a reasonably safe condition. Authorities under point 2.    (5) The court did not err in giving instruction 4 at the instance of respondent.  It devolved upon appellant to prove what caused the elevator to fall.   Feary v. Railroad, 162 Mo. 72; Epperson v. Tel. Co., 155 Mo. 346; Oglesby v. Railroad, 76 S. W. 629; Warner v. Railroad, 178 Mo. 125.   (6) The court did not err in giving instruction 5 at the instance of respondent.   The burden of proving that the elevator fell on account of negligence on the part of the respondent was upon appellant.   Feary v. Railroad, 162 Mo. 72; Epperson v. Tel. Co., 155 Mo. 346.

*Collins & Chappell* for respondent Mississippi Valley Trust Company.

An agent is never liable to third persons for injuries resulting from a non-performance of the agent's

duties to his principal. Hence, the Mississippi Valley Trust can, under no circumstances, be liable as agent for an injury sustained by a person injured in an elevator owned and operated by the Century Building Company. Luckel v. Century Building Co., 177 Mo. 626; O'Neil v. Young, 58 Mo. App. 628; Steinhauser v. Spraul, 127 Mo. 541; Kelley v. Railroad, 122 Fed. 286; Harriman v. Stowe, 57 Mo. 93; Stone v. Cartwright, 6 Durnford & East 411.

GRAVES, J.—By suit instituted in the circuit court of the city of St. Louis, the plaintiff sought to recover of defendants, for personal injuries, medical attendance, medicines, medical appliances and nursing, the sum of $50,000. In a trial before a jury, verdict was for the defendants, and plaintiff appealed.

The petition, which is lengthy, in substance charges: That the defendant Century Building Company, a corporation, built and owns the Century Building, a large office building in the city of St. Louis; that the defendant Mississippi Valley Trust Company, a corporation, is and was the trustee in two certain deeds of trust on said building given to secure bonds of said Century Building Company in the aggregate of $750,-000; that said Mississippi Valley Trust Company, by a certain written instrument, of date December 18, 1896, was made attorney in fact irrevocable to rent said Century Building and to collect rents, pay taxes, pay ground rent, pay the interest on said bonds, and to pay all expenses connected with the maintenance, repair and management of said building, as well as the insurance thereon, and was to retain three and one-half per cent of all moneys collected, in payment of its services in this behalf; that the terms of renting and the amount to be expended upon repairs, maintenance and management, were by said contract left to the discretion of said Mississippi Valley Trust Company; that after the date of said contract and to the date of the injury to the

plaintiff, said Mississippi Valley Trust Company exercised all the powers given it by said contract as to said building; that by reason of the premises the said Trust Company became and was jointly liable, with the Century Building Company, for plaintiff's damages.

The petition then further charges that defendants in conducting said building as an office building, used a large freight elevator to haul up and down the freight, property and effects of their tenants, and permitted and invited persons to attend to said property and to ride up and down upon said elevator in so doing, and had constantly carried attendants with freight, and had extended a general invitation to persons in charge of freight to ride upon said elevator; that on May 30, 1902, this plaintiff was engaged in moving the effects of the St. Louis & San Francisco Railroad Company, from the Century Building to another place; that the plaintiff was aware of the general custom of defendants to permit attendants of freight to ride in said freight elevator and had knowledge of the general invitation which defendants extended to attendants of freight and accepted said invitation and on said date was rightfully on said elevator, and that it thereby became the duty of defendants to use due care to carry plaintiff in said elevator safely. The negligence charged as to said elevator and its operation may be summarized as follows: 1. Negligently and carelessly constructed. 2. Negligently and carelessly allowed to be and remain out of repair. 3. Negligently exposed to injuries from foreign bodies. 4. Negligently operated. 5. Negligently failed to inspect said elevator and its machinery. 6. Negligently failed to have in their employ skilled and competent operators. 7. Negligently failed to have same inspected by city inspectors as required by city ordinances.

Specifically the petition says:

"And on the morning of May 30, 1902, while plaintiff was under invitation from defendants rightfully

and lawfully upon said elevator in charge of said property of said railroad company, the operator of said car negligently conducted the car thus loaded from the seventh floor up to the eighth floor of said building and then and there suddenly, violently and negligently reversed said car, subjecting the operating machinery and the pinion of the engine and the gearing, and the cables and winding-drum, and pillow blocks, caps, bolts and screws to great and extraordinary strain, and said elevator, by reason of said negligent and violent reversing of said car by said operator, and the negligent and improper construction of said elevator, and by reason of the negligence of the defendants in failing to provide suitable machinery for raising and lowering the same, and failing to keep said machinery and appliances in good repair and failing to provide against the exposure of said machinery to breakage and injury from outside substances, and the negligence and incompetence of defendants' servants in managing same, and the failure of defendants to have said elevator and machinery properly inspected, protected and managed, gave way, said pinion, winding-drum and gearing, rack, pillow blocks, caps, bolts and screws broke, and said cables broke and said winding-drum and shafting jumped from its position and said elevator fell and said counter weights smashed and the pieces fell down the shaft and upon the car below, and on the load and on plaintiff, and the said elevator fell from about the seventh floor to the basement of said building, and the so-called safety devices by reason of defendants' negligence aforesaid, failed to work properly, and said dogs did not grip the guides and stop the car, and said operator of said elevator negligently, carelessly and thoughtlessly did not reverse said car when he found the same was getting beyond his control, but increased the speed of said car by pulling the cable by which the direction of the car was regulated up or down, in a manner to make it go down instead of up.''

Then follows a description of plaintiff's injuries, which are and were very serious in character, together with the allegation of his earning capacity being $125 per month, the loss of time in sum of $575, and the permanent impairment of earning capacity.

Each defendant answered by way of general denial. Errors in the admission and exclusion of testimony, and the giving, refusing and modification of instructions are assigned, which will be noticed in the course of the opinion.

I. The first question which should be determined is the relationship of plaintiff to these defendants or either of them. That is to say, we should first determine whether the plaintiff was a passenger or a mere licensee, for the obvious reason that the determination of this question will assist to determine many other questions involved in this record. Plaintiff contends that he occupied the relation of passenger, while defendants say he was a mere licensee. The evidence shows that there were six passenger elevators and one freight elevator in the building; that passengers generally used the passenger elevators, and all the workmen with plaintiff upon this occasion used the passenger elevators. There is much evidence to the effect that for at least three or four years prior to this accident, plaintiff and others in charge of freight were permitted to and did ride in this freight elevator. And to the further effect that it was the custom of persons handling freight to go up and down this elevator. Does this make plaintiff a passenger? In the running of passenger elevators it has been held in well-considered cases that the relation of passenger and carrier exists. [Goldsmith v. Holland Bldg. Co., 182 Mo. 597; Becker v. Lincoln Real Estate & Bldg. Co., 174 Mo. 246; Luckel v. Century Bldg. Co., 177 Mo. 608; Lee v. Knapp & Co., 155 Mo. 610; Hartford Deposit Co. v. Sollitt, 172 Ill. 222; Fox v. Philadelphia, 208 Pa. St. 127; Treadwell v. Whittier, 80 Cal. 574.]

It has likewise been held that this relation exists even as to freight elevators, under given circumstances. [Springer v. Ford, 189 Ill. 430; Beidler v. Branshaw, 200 Ill. 425.]

In our judgment the doctrine announced in these cases is the correct one. A person or corporation running an elevator to transport persons or property from one floor of a building to another, is just as much a carrier as a person or corporation running a railroad or stage coach. These cases hold, and rightfully, that the law governing railroads and other carriers applies with equal force to the operator of an elevator.

From the evidence it reasonably appears that for some years this freight elevator had been used by persons accompanying the freight. There can be no difference in this case and the case of a stockman accompanying his stock riding in the caboose of a freight train. He is none the less a passenger. Like a railroad company, the defendants here owed to plaintiff a duty, which is well defined in cases of passengers on freight trains. In the case of Beidler v. Branshaw, supra, a case of injury upon a freight elevator, Justice HAND said:

"The law is well settled in this State that persons operating elevators in buildings for the purpose of carrying persons from one story to another are common carriers of persons, and are required to exercise the highest degree of care and diligence in and about the operation of such elevators to prevent injury to passengers being carried thereon, and that the rules governing the liability of persons owning and operating passenger elevators in buildings apply to persons operating freight elevators when a person is rightfully upon such elevator as a passenger, and that while, from the necessary construction of a freight elevator, there cannot, in the nature of things, be the same immunity from peril upon a freight elevator as upon a passenger

elevator, still the same degree of care must be exercised in the operation of each class of elevators to protect persons from injury who are thereon as passengers."

To the same effect is Springer v. Ford, 189 Ill. 430, in which the court says:

"The contention, on behalf of defendant, that the principles above announced have no application to a person owning and operating a freight elevator, is not tenable when a passenger is lawfully and rightfully upon such elevator. Such passenger, by reason of the construction of that class of elevators, is subject to great risk and many hazards. The liability, however, of the owner or manager thereof as a common carrier is measured by the same rules, and he is held to the same degree of diligence, as that of persons owning and operating passenger elevators."

Along the same lines is the case of McGee v. Railroad, 92 Mo. l. c. 217, where NORTON, C. J., said:

"In the case before us there was abundant evidence showing that passengers were habitually carried upon defendant's freight trains. Plaintiff having been received by defendant as a passenger on its freight train, the same degree of care was due to him that defendant owed to passengers on its regular passenger trains, except that plaintiff, in taking the freight train, accepted and traveled on it, acquiescing in the usual incidents and conduct of a freight train, managed by prudent and competent men. [Railroad v. Horst, 93 U. S. 291.]"

In Wait v. Railroad, 165 Mo. l. c. 621, BRACE, P. J., says:

"It seems now to be well-settled law here, as elsewhere, that where a railroad company carries passengers for hire on its freight trains 'it must exercise the same degree of care as is required in the operation of its regular passenger trains, the difference only being that the passenger submits himself to the inconven-

ience and danger necessarily attending that mode of conveyance.' ''

And the whole subject is fully reviewed in the recent case of Hedrick v. Railroad, by GANTT, J., 195 Mo. l. c. 116, *et seq.*

From the cases both here and elsewhere it appears that in taking passage upon a freight train, or a freight elevator, the passenger assumes the usual hazards attending that mode of conveyance, but not those arising from the negligence of the company, which are not usual and incident to the mode of conveyance. If the freight train was ditched by defective track and this resulted in the failure to safely transport the passenger, the company would be liable. So, too, if the accident was the result of defective machinery or inefficient conduct of the servants operating the train. In other words, the same degree of care as to the passenger is required as if he were on a passenger train, save and except the passenger assumes the usual and ordinary inconveniences and the additional hazards incident to the mode of conveyance. So with a passenger in a freight elevator. Such passenger cannot complain of the usual inconveniences incident to such a conveyance, nor can he complain of the hazards usually incident to that mode of conveyance. He can, however, complain of the negligent operation of the elevator, or of the defective machinery and appliances used in the operation thereof, and in such cases, the doctrine *res ipsa loquitur* applies, as is usual in cases of passenger and carrier. Having determined the relationship of the parties and the law to govern, we dismiss this proposition and proceed to the next.

II. The trial court gave to the jury for the defendants an instruction No. 4, as follows:

"4. The court instructs the jury that the plaintiff is not entitled to recover in this case merely because the elevator in question fell and he was injured as a re-

sult of said fall, but in order to recover the plaintiff must first satisfy the jury, by a preponderance of the evidence, as to what caused the elevator to fall. In other words, in order to recover, the cause of the fall of the elevator must not be left to mere conjecture, but the jury must be able to determine from the evidence exactly what caused the elevator to fall. If the jury from the evidence are able to determine exactly what caused the elevator to fall, then it further devolves upon the plaintiff to prove, by a preponderance of the evidence, that the cause was a defect or insufficiency in some part of the elevator or machinery, which was known to the defendants or by the exercise of ordinary care might have been known to the defendants. If the jury find from the evidence that the fall of the elevator was due to some cause which the defendants could not have discovered by the exercise of ordinary care, then and in that case your verdict must be for the defendants.''

This instruction, as well as others given for the defendant, and others refused for the plaintiff, show that the court proceeded upon the theory that the doctrine *res ipsa loquitur* did not apply in this case, and in this there was error, unless by reason of the pleadings the plaintiff had placed himself in another position, which question we will discuss presently. Defendants by this instruction placed upon the plaintiff the burden of showing the cause of the accident, whereas in such cases it is sufficient to show the accident and the attendant circumstances and conditions, when negligence will be presumed, and thereupon the burden is shifted to defendant to show that there was no negligence in the operation and construction of the elevator. [Magoffin v. Railroad, 102 Mo. 540; Furnish v. Railroad, 102 Mo. 438; Clark v. Railroad, 127 Mo. 197; Wilkerson v. Railroad, 26 Mo. App. l. c. 152; Smiley v. Railroad, 160 Mo. l. c. 636; Och v. Railroad, 130 Mo. l. c. 52; Chouquette v. Railroad, 80 Mo. App. 520; Logan v. Railroad, 183

Mo. 1. c. 605; Allen v. Railroad, 183 Mo. 1. c. 434; Estes v. Railroad, 110 Mo. App. 1. c. 730.]

Such, however, does not seem to have been the theory of the trial court as indicated by this record. It is not necessary to quote more fully from the instructions. The instruction says, "but in order to recover, the plaintiff must first satisfy the jury, by a preponderance of the evidence, as to what caused the elevator to fall." This is diametrically opposed to all cases of a wrecked train where the relation of passenger and carrier exists, where it is usual to show the fact of a wreck, and then require the defendant to show that it was not the result of negligence upon its part. The instruction was error unless the rule should be changed by reason of the pleadings, and to this question we now proceed.

III. The petition in this case charges, in our judgment, specific acts of negligence. We have quoted the last paragraph of the petition, but in the first part of the petition is found a number of separate and distinct clauses alleging in detail the several specific acts of negligence relied upon. The paragraph quoted is rather a *resume* of the specific acts of negligence first pleaded. Defendants contend, and we think rightfully, that having pleaded specific acts of negligence, the plaintiff was required to prove them and could not rely upon the rule of law announced in the foregoing proposition. Where general negligence is pleaded there can be no doubt of the application of the rule stated in our paragraph two. But the courts draw a distinction between cases wherein general allegations of negligence are found and those wherein are found specific allegations of negligence. We refer now more particularly to cases wherein the relation of passenger and carrier exists. The rule which shifts the burden of proof in such cases is founded on the theory that the railway company is in a position to know the facts and to show the facts, whilst the passenger is not in such position.

But if the plaintiff by his petition alleges the exact specific acts of negligence, it is evidence that he also knows the facts, and so knowing them there is nó reason for invoking the rule of presumptive negligence. The general rule in cases other than the class above referred to, is that the plaintiff must establish his case by the preponderance of evidence, and in that class of cases the presumption of negligence is only indulged, in our judgment, for the reason aforesaid. However, if the plaintiff possesses knowledge of the facts, and is able to plead them specifically and in detail the reason for the rule disappears and with it the rule itself.

Our courts have held that where specific acts of negligence are pleaded it devolves upon the plaintiff to prove the acts of negligence pleaded, and that if he recover at all it must be upon the specific acts of negligence pleaded and not otherwise. [Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Bunyan v. Railroad, 127 Mo. 12; Bartley v. Railroad, 148 Mo. 124; Feary v. Railroad, 162 Mo. 75; Hamilton v. Railroad, 114 Mo. App. 1. c. 509; McGrath v. Railroad, 197 Mo. 1. c. 105.]

In Hamilton v. Railroad, 114 Mo. App. 1. c. 508, the rule is thus stated:

"A common carrier, though not an insurer of the safety of its passengers, is held to the exercise of the highest degree of care in protecting them from injury. The right of action, however, that accrues to the passenger injured while being served by the carrier, is founded in negligence, but from the character of the relation a presumption of negligence arises from the fact of injury that throws the burden upon the carrier to establish upon its part the exercise of the degree of care required. Under this rule it is unnecessary for the plaintiff, in such case, to specify in his petition the negligent acts that produced his injury. It is sufficient for him to charge, in general terms, that he was injured while be-

ing carried as a passenger, as a result of the negligence of the carrier. But when the plaintiff chooses to allege in his petition the specific acts of negligence of which he complains, he assumes the burden of proving them, and as in other cases must recover, if at all, upon the negligence pleaded.''

In the McGrath case, supra, whilst it was not a case of carrier and passenger and we suggested for that reason that the presumption of negligence could not be indulged and the doctrine of *res ipsa loquitur* did not apply, after a thorough examination of the authorities above cited, we said: ''In such cases where the plaintiff chooses in the petition to allege specific acts of negligence, the rule of law places the burden of proving such specific negligence upon the plaintiff, and a recovery, if had at all, must be upon the specific negligence pleaded.''

This we think announces the Missouri doctrine. So that it would appear that the trial court was authorized, under the peculiar pleadings in this case, to give the said instructions heretofore adverted to in paragraph two. If the petition had charged the relationship of passenger and carrier and a failure to safely carry, with charges of general negligence instead of detailed specific charges of negligence, the instruction numbered 4, and other instructions above mentioned, would have been wrong, but they are not under this pleading unless we are to overturn a long list of cases in this State, and cases which we think well founded in principle.

IV. Plaintiff asked and the court refused an instruction upon the measure of care required of defendants in the operation of their elevator, in language, as follows:

''6. The expression 'due care' used in these instructions is defined to be care commensurate with the instrument or means being used, and danger to be ap-

prehended, and while the plaintiff in entering a freight elevator in the Century Building, to be carried up and down the building in it, accepted and acquiesced in the usual incidents and conduct of a freight elevator, yet the party or parties in control of said Century Building was or were bound to exercise, in the repair, guarding from accident, and management of said freight elevator that high degree of care which prudent and competent men exercise under like circumstances, and the failure by the party or parties in control of said Century Building to use that high degree of care which is exercised by prudent and competent men under like circumstances, would be a failure to exercise due care.''

The refusal of this instruction was error. It matters not where the burden of proof was under the pleadings as heretofore discussed, the measure of care was the same. Whenever the relation of passenger and carrier exists the law requires the highest degree of care. This is true, whether the passenger is upon a passenger train or elevator or upon a freight train or elevator. The rule is firmly fixed by the freight train cases which we have cited and further discussion is unnecessary. The trial court evidently proceeded upon the theory that the plaintiff, at most, was not more than a mere licensee. This is the argument of defendants here and was no doubt their position in the lower court. For this error the cause must be reversed and upon retrial of the cause upon the proper theory, many other questions urged here can be readily eliminated. This instruction number 6 is as favorable to the defendant upon the theory of passenger and carrier, as could have been asked.

V.  Respondent insists that notwithstanding there be error, yet the verdict is for the right party and should be sustained. To say the least, with a retrial upon the right theory of the case, as in this opinion indicated, an examination of the evidence reveals a case

upon the facts upon which a jury should pass. The verdict might have been different in this trial had they been properly instructed upon the degree of care required of defendants in the operation of this elevator. A jury impressed with the idea that defendants owed no special duty as to the exercise of care toward plaintiff might reach a very different verdict from one impressed with the law to the effect, as said by BRACE, P. J., in the Wait case, supra: "It must exercise the same degree of care as is required in the operation of its regular passenger trains (elevators), the difference only being that the passenger submits himself only to the inconvenience and danger necessarily attending that mode of conveyance." In the quotation the word in parenthesis is ours. The rule, however, is the same whether it be freight trains or freight elevators.

As the case must be reversed and remanded for the reason heretofore assigned, we think there is but one further question, which should be considered upon this appeal, and we discuss that question next.

VI. The defendant, Mississippi Valley Trust Company, urges that it is in no manner liable to plaintiff. This involves a construction of the contract between that company and the Century Building Company, and the relative positions of these two defendants under the contract as well as the law applicable thereto. The defendant says by way of brief:

"An agent is never liable to third persons for injuries resulting from the non-performance of an agent's duties to his principal. Hence the Mississippi Valley Trust Company can, under no circumstances, be liable as agent for an injury sustained by a person injured in an elevator owned and operated by the Century Building Company."

The identical contract involved in this case was in evidence in the case of Luckel v. Century Building Company, 177 Mo. 608. In that case the contract is set

out in full and we will be content with the summary
thereof in our statement. In construing that contract
and the two deeds of trust involved in this case, the one
admitted and the other excluded here, but both admit-
ted in the Luckel case, GANTT, J., holds that the Missis-
sippi Valley Trust Company was the agent of the Cen-
tury Building Company with the power, among other
things, "to hire and discharge employees to run the
elevators." In that case it was not necessary to dis-
cuss the full scope of this agency, but in this case it be-
comes important. This contract, as a whole, placed the
entire management of the Century Building in the
hands of the defendant, Mississippi Valley Trust Com-
pany. Not only that, but the purse-strings of the Cen-
tury Building Company were placed in its hands. Un-
der the evidence, the Mississippi Valley Trust Com-
pany through its sub-agents, persons paid by it, em-
ployed the help. All repairs were paid for by it and the
wages of the servants were paid by it. In fact, it had
full management and control of the building. We con-
cede that for mere nonfeasance, pure and simple, the
agent or servant is not liable to third persons. We so
held in McGinnis v. Railroad Company, 200 Mo. 347,
where the question is in a way discussed. But is the
case at bar such a case? Under this contract the whole
management of the building is placed in the hands of
the Mississippi Valley Trust Company and the evi-
dence tends to show that it immediately took such con-
trol, having its own sub-agents to look after the mat-
ter. It paid the operator of the elevator in question. It
paid for repairs, when such were made. In fact, it paid
all employees. When it undertook the management of
this building from its principal, it undertook to do for
the principal a particular work, and after it entered
upon the performance of that work, any act which it
did, whether by omission or commission, was misfeas-
ance. After making this contract, had it stood aloof
and refused to take the management of the building,

and in so doing, thereby failed to do something which resulted in injury to a third person, it would not have been liable, because we would thus have mere nonfeasance. But after it assumed its management and thereby commenced to do the thing it contracted and agreed to do, then as said before, acts of omission or commission constitute misfeasance, or a failure to properly do the things which it had in the line of its duty commenced to do.

The rule is stated thus in 2 Clark & Skyles on the Law of Agency, sec. 595: "But where an agent is guilty of misfeasance, that is, where he has actually entered upon the performance of his duties to his principal, and in doing so, fails to respect the rights of others, by doing some wrong, whether it is a wrong of omission or a wrong of commission, as where he fails or neglects to use reasonable care and diligence in the performance of his duties, he will be personally responsible to a third person who is injured by reason of such misfeasance."

And in section 596, the same authors say:

"(a) *In general.*—As has been stated above there is a distinction between nonfeasance and misfeasance or malfeasance; and this distinction is often of great importance in determining an agent's liability to third persons. By reason of some of the cases failing to clearly notice this distinction there has been some confusion in the decisions on this point. In this connection, nonfeasance means the total omission or failure of an agent to enter upon the performance of some distinct duty or undertaking, which he has agreed with his principal to do; misfeasance means the improper doing of an act which the agent might lawfully do, or in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons; and malfeasance is the doing of an act which he ought not to do at all. In the fol-

lowing sections the term misfeasance will include malfeasance.

"From these meanings, it will be seen that it is not every omission or failure to perform a duty that will constitute a nonfeasance, but only an omission to perform such distinct duties as he owes to his principal, as distinguished from those which he owes to third persons or the public in general, as a member of society. Nonfeasance does not extend to the omission or failure to do some act whereby a third person is injured, after he has once entered upon the performance of his contractual obligations.

"For example, if an agent undertakes to perform certain acts for another and he refuses or fails to enter upon such performance, it is a nonfeasance; but if he once begins the performance of such acts and in doing so fails or omits to do certain acts which he should have done, whereby a third person is injured, it is not a nonfeasance, but a misfeasance. Misfeasance may involve the omission to do something which ought to be done; as where an agent engaged in the performance of his undertaking, omits to do something which it is his duty to do under the circumstances, as when he does not exercise that degree of care which due regard for the rights of others requires."

And in the same section, after discussing a few cases which announce the contrary view, the authors conclude in this language:

"The cases cited to the first two illustrations seemed to be so decided on the theory that the agent's negligence in such cases amounts to nonfeasance; but the holdings of the cases cited to the last illustration seem to be sounder on principle, because they consider the agent's negligence in such case as misfeasance, and rightfully hold him liable therefor. If the distinction above noted is kept clearly in mind by the court, and nonfeasance held only to apply to cases where the agent

fails to enter upon the performance of his contractual obligations, and not to cases where he has entered upon such performance but neglected his duties in some respects, this confusion would not arise."

The doctrine of the text is supported by the following pointed and well-considered cases: Osborne v. Morgan, 130 Mass. 102; Ellis v. McNaughton, 76 Mich. 237; Greenberg v. Lumber Co., 90 Wis. 225; Baird v. Shipman, 132 Ill. 16; Lough v. Davis & Co., 30 Wash. 204.

We therefore conclude that both defendants are liable in this case, if either is liable.

For the error heretofore pointed out the judgment is reversed and cause remanded to be proceeded with in accordance with the views herein expressed.

All concur.