J. M. MONDAY, Respondent, v. ST. JOSEPH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1909.

1. PASSENGER CARRIERS: Negligence: General: Specific: Pleading. A petition quoted in the opinion is held to charge general and not specific negligence in that it specifies no particular act of negligence but merely specifies the result thereof.

2. ———: ———: Evidence: Street Car. In an open street car with a running-board on the side, the conductor in passing to collect fares, swung around a passenger standing on the board, and in so doing struck the wheel of a wagon standing near, and the pole was turned and injured a passenger. Held, it was a question for the jury on all the evidence to say whether the defendant's servants were negligent in managing the car.

3. ———: ———: Proximate Cause: Reasonable Expectation: Jury. There is no liability incurred by the negligent act for results which are beyond any reasonable expectation—which do not happen in a natural course, and where reasonable minds would not differ in conclusions, the court may declare the law peremptorily to the jury in that regard, otherwise the fact should be left for the consideration of the jury.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED.

*R. A. Brown* for appellant.

(1) The court instructs the jury that the burden of proof is on the plaintiff to establish his case by the preponderance of the evidence, and by the preponderance of the evidence is meant the greater weight of the credible testimony. (2) Plaintiff in his petition charges specific acts of negligence. These allegations constitute charges of specific negligence, and the burden rested upon the plaintiff to prove that the defendant carelessly and negligently ran its car into and collided with the wagon described in evidence in accordance with the allegations of the petition. Roscoe v. Railway, 202 Mo. 586; Orcutt v. Century Bldg. Co., 201 Mo. 124. (3) The court committed error in refusing to give defendant's instruction, number one, which told the jury that under the law and the evidence plaintiff could not recover, and that the verdict of the jury should be in favor of the defendant. This instruction should have been given, for the reason that the defendant was not guilty of any negligent act which was the proximate cause of plaintiff's injuries. All the evidence shows that the accident would not have happened had it not been for the act of the conductor's negligence. 31 Am. and Eng. Ency. of Law, pp. 483, 487, 493, 495; Christy v. Hughes, 24 Mo. App. 277.

*Mytton & Parkinson* for respondent.

(1) The allegations of plaintiff's petition constitute charges of general negligence and not specific negligence. (2) The contention of appellant that the defendant was not guilty of any negligent act which was the proximate cause of plaintiff's injuries approaches the ridiculous.

ELLISON, J.—Plaintiff's action was brought to recover damages for injuries received while a passenger on one of defendant's street cars in the city of St. Joseph. He recovered judgment in the circuit court.

One of the chief objections urged for reversal is that the court erred, as shown by its action in giving certain of plaintiff's instructions, in taking the view that the petition charged negligence generally. Defendant claims that specific negligence is charged and that the order of proof and the instructions based thereon ought to have been as is proper in cases of specific negligence instead of general negligence. That part of the petition bearing upon the question is as follows:

"Plaintiff further states that on or about the 16th day of October, 1907, he became a passenger for hire on one of the cars of the defendant railway company, on what is commonly known as the Union Line; that while a passenger on said car, which was proceeding in a northerly direction on Sixth street over and in the immediate proximity of the viaduct just south of Atchison street, the agents, servants and employees of defendant railway company, operating said car at said time, negligently, carelessly and recklessly operated said car so that they ran said car into a wagon which was near said track then and there, and thereby negligently, carelessly and recklessly throwing plaintiff with great violence from his seat and causing him to come in contact with said wagon, on account of which he received and sustained great bodily injuries."

In our opinion the charge is general negligence. No act of negligence is specified, nor is any negligent omission mentioned. The *result* flowing from the negligence is charged and we apprehend that defendant has confused the effect with the cause which produced it. It is merely alleged in general terms that defendant's servants negligently operated the car so that, as a result of such negligence, it ran into a wagon and hurt plaintiff. The negligence is not specified. The case of Good-

loe v. Railway, 120 Mo. App. 196, supports the petition. The cases where specific negligence is pleaded, such as Orcutt v. Century Bldg. Co., 201 Mo. 424, and Roscoe v. Railway, 202 Mo. 586, do not apply to the present case.

Defendant insists that a peremptory instruction to find for it should have been given on the ground that the evidence showed the collision to be one that could not have been reasonably anticipated. It will be seen from the petition quoted above that there was a collision with a wagon standing quite near the track. The evidence showed that plaintiff was in an open car with boards running along the sides thereof and that the conductor would collect fares by going along the board and that in attempting to swing around a passenger who was on this board, just at the time of passing the wagon, the conductor struck some portion of it, perhaps the front wheel, causing it to swerve in such way as to throw the pole thereof, which stood out horizontally, into the car and against plaintiff. There was evidence tending to show the car was running fourteen or fifteen miles an hour.

We think it was a question for the jury whether it was negligence in the circumstances. It was shown that other cars had passed the wagon safely, yet it must be borne in mind that in open cars with running boards on the side conductors collect fares by passing along them and getting around passengers. It was for the jury to say whether either the conductor or the motorman or both were not guilty of negligence. It cannot be said as a matter of law that the result flowing from the acts of these servants was not one which no reasonable man would anticipate might reasonably happen. In this view the cases cited by defendant such as American Brewing Co. v. Talbot, 141 Mo. 683, and others, to which may be added Hysell v. Swift, 78 Mo. App. 39, are not controlling.

Defendant further insists that if it could not have a peremptory direction, then its instruction numbered 3, refused by the court, wherein the question of reasonable anticipation or expectation was incorporated, should have been given.

The law is that no liability is incurred by negligent acts for results which are beyond any reasonable expectation—which do not happen in the natural course (American Brewing Co. v. Talbot and Hysell v. Swift, supra). It is therefore proper, when the facts shown are such that reasonable minds would not differ in conclusions, for the court to declare the law peremptorily to the jury in favor of one or the other party. But if reasonable minds may come to different conclusions on the facts, then they should be left to the consideration of the jury. We have already shown the latter to be our view of the facts disclosed here and hence must hold it to be error in the trial court in refusing instruction numbered 3, last referred to, which submitted the question to them. It was a matter arising out of the evidence which defendant had a right to ask the jury to determine. It was not otherwise submitted, and its refusal was nothing less than holding, in effect, that the consequences of defendant's conduct created a liability as a matter of law. For this error the judgment is reversed and the cause is remanded. All concur.