### CASE v. MISSOURI PUBLIC SERVICE CORP. et al.

#### No. 356.

District Court, W. D. Missouri, C. D.

June 21, 1948.

See, also, 8 F.R.D. 197.

Thomas C. Swanson, of Kansas City, Mo., for plaintiff.

Thomas J. Layson, of Trenton, Mo., and Patterson, Chastain, Cowherd & Smith, of Kansas City, Mo., for defendants.

REEVES, District Judge.

█ The only question for decision in this case is whether the averments of the complaint state a joint cause of action in good faith against the non-resident corporate defendant and the local personal defendant. It is alleged that the defendants were engaged in the transmission of electric energy for commercial purposes in several counties in Missouri, including Grundy County, and that:

"* * * on or about November 17, 1947 in and closely adjacent to the usually traveled portion of an east-and-west alley, extending generally westwardly from the 'town pump' and paralleling the main street in the town of Chula, Missouri, defendants line of poles, on which there existed crossarms and appurtenances carrying defendant's transmission equipment and wires(;).

"4. That such wires and equipment carried a current of electricity of sufficient character to inflict serious injury and death to anyone coming in close proximity thereto; that it was the duty of the defendants to exercise the highest degree of care in the operation and maintenance of such wires and equipment to avoid injury to persons in or near said alley, including this plaintiff(;).

"5. That the defendants, their servants, agents and employees, on the occasion in question failed to exercise the highest degree of care in the operation and maintenance of its said wires and equipment, to avoid injury to persons, including this plaintiff, lawfully in or near said alley, by

"a. negligently and carelessly causing or permitting their poles, wires, cross-arms, insulators, insulator brackets and other appurtenances to become so deteriorated, rotten, un-insulated, entwined and enveloped by tree limbs, and insecure as that such wires were likely to fall to the ground and into or upon the alley in question and injure persons situated as was this plaintiff, and

that such conditions either were known to the defendants or by the exercise of the highest degree of care should have been known to them;

"b. negligently and carelessly permitting one of their electric wires strung as aforesaid upon the line of poles in and near said alley, to become broken and detached from said poles and to hang down in and near said alley, sufficiently charged with electricity as to likely cause injury to persons lawfully in and near said alley, including this plaintiff; and

"c. negligently and carelessly failed to keep said wire and its other wires contiguous thereto, properly insulated."

These averments were followed by allegations that the plaintiff came in contact with the defective wiring and as a result suffered injuries. The relationship between the local defendant and the nonresident defendant is not averred in the complaint. In the petition to remove, however, the corporate nonresident defendant sets forth such relationship as follows: "Petitioner (nonresident corporate removing defendant) further alleges that during all the times stated in plaintiff's petition defendant Clodfeller was employed by the defendant corporation as a local serviceman and that his duties as such employee of said defendant corporation were to read meters of defendant corporation, perform emergency repairs to its lines and other equipment, clear said lines and equipment of brush and other obstructions, answer service complaints of its customers, and in general to remedy any service trouble that could be handled by one man; * * *."

These averments were followed by others: "that the said alleged acts of negligence on the part of said defendant Clodfeller as stated in plaintiff's petition were acts of nonfeasance only and were not such acts as would make him liable to the plaintiff in said case; that if the defendant Clodfeller omitted, neglected, or failed as alleged in plaintiff's petition to maintain said poles, wires and other equipment, his sole responsibility and liability therefore was to his employer said defendant corporation and that he owed no duty in said case to the plaintiff herein; * * *."

It fully appears from the averments of the petition to remove that it was the duty of the local defendant to remedy the precise conditions alleged by the plaintiff as being negligently permitted to exist and from which plaintiff received his claimed injuries. A joint cause of action was therefore stated unless, as averred by the corporate nonresident removing defendant, the acts of the local defendant were a mere nonfeasance. This question was resolved in the landmark and now historic case of Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S.W. 1062, 1067, 8 L.R.A.,N.S., 929. In that case the court discussed the liability that might accrue by reason of mere omission, and said with respect to the agent of the defendant, Century Bldg. Co., (said agent being a corporation): "But after it assumed its management, and thereby commenced to do the thing it contracted and agreed to do, then, as said before, acts of omission or commission constitute misfeasance, or a failure to properly do the things which it had in the line of its duty commenced to do.

The rule is stated thus in 2 Clark & Skyles on the Law of Agency, § 595: 'But, where an agent is guilty of misfeasance; that is, where he has actually entered upon the performance of his duties to his principal and in doing so, fails to respect the rights of others, by doing some wrong, whether it is a wrong of omission or a wrong of commission, as where he fails or neglects to use reasonable care and diligence in the performance of his duties, he will be personally responsible to a third person who is injured by reason of such misfeasance.'" This case has been followed uniformly as a correct statement of the rule in such cases.

It would follow from the foregoing that the local defendant was not fraudulently joined as a party defendant, as, upon the facts admitted by the corporate defendant in its petition for removal, the plaintiff could not have fraudulently and in bad faith joined the local defendant, but, on the contrary, he was justified in naming him as a party defendant. Under such circumstances the case should be remanded to the court from which removed. It will be so ordered.