# James Moore et Ux., Plffs. in Err., *v.* Logan Iron & Steel Co.

A lessor who has, by request of the tenant, made a deep excavation on the premises for a privy well, and left it uncovered and full of water, is not liable in damages for the death of the tenant's grandchild, between two and three years of age, who, visiting the tenant with his mother,

Cited in McKenzie v. Cheetham, 83 Me. 550, 22 Atl. 469, holding that one who visits a dwelling-house on the invitation of the tenant cannot be deemed as present on the implied invitation of the landlord.

Distinguished in Reinike v. Philadelphia Traction Co. 13 Pa. Co. Ct.

and by her left in charge of an aunt acquainted with the premises, strays away and is drowned in the well.

(Decided October 4, 1886.)

Error to the Common Pleas of Mifflin County, to review a judgment on a reserved point, *non obstante veredicto,* for the defendant, in an action of trespass on the case for negligence. Affirmed.

The facts are stated by BUCHER, P. J., in the following opinion delivered upon the entry of the judgment in the court below:

"The admitted facts are that the defendant was the owner of a dwelling house and lot of ground, which is leased to the mother and brother of James Moore's wife, one of the plaintiffs. The defendant, after the lease, at the request of the lessees, dug a hole at the end of the lot, 58 feet from the steps at the rear of the dwelling, for a water closet or privy. This excavation was dug in the last of June, 1883, and was 6 feet in depth. It filled

---

231, 2 Pa. Dist. R. 320, holding the question of contributory negligence for the jury where the child at time of injury was in a public highway.

*Cf.* on the general subject, Schilling v. Abernethy, 112 Pa. 437, 56 Am. Rep. 320, 3 Cent. Rep. 168, 3 Atl. 792.

NOTE.—See note to Ward v. Gardner, 1 Sad. Rep. 339, for the liability of a lessor for injuries from defective premises.

See also the following editorial notes containing a full presentation of the authorities on their different phases of the subject: Liability of landlord for injury to tenant from defect in premises, note to Hines v. Willcox, 34 L. R. A. 824; liability of landlord for injuries to tenant's guests and servants from defects in premises, note to McConnell v. Lemley, 34 L. R. A. 609; landlord's liability to servants of other persons, note to The Joseph B. Thomas, 46 L. R. A. 83; liability of landlord to third person for condition of premises in possession of tenant, note to Lee v. McLaughlin, 26 L. R. A. 197; responsibility of landlord for injuries resulting from defects in portion of building remaining in his possession, note to Dollard v. Roberts, 14 L. R. A. 238; liability of landlord as to condition of part of premises not controlled by tenant, note to Jones v. Millsaps, 23 L. R. A. 155; negligence in respect to gas, note to McGahan v. Indianapolis Natural Gas Co. 29 L. R. A. 358; liability for injuries to children and others falling into excavations and ponds on private property, see Farnham on Waters, pp. 2805-2810; liability of municipality where drowning occurs in public highway, Id. p. 1502; where it occurs in other public places, Id. p. 1519.

with water as soon as it was dug, and remained uncovered until the 26th of July of the same year, a period of about four weeks. On the last-mentioned day, Mrs. Moore, one of the plaintiffs, and a daughter of Mrs. Caldwell, one of the lessees, visited the latter, in company with her two children, the one being a boy, aged two years, four months and about fifteen days. The mother of the child on the day aforesaid left it in the custody of its aunt, a daughter of one of the lessees and an inmate of the family, while she visited a neighbor.

"The existence of the excavation was well known to all the members of the family, including the aunt in whose care the child was left by the mother, and the lot was inclosed from the public by a fence. There was a path through the lot leading over the fence about 4 or 5 feet from the excavation. The child, whilst in the custody of the aunt (the latter being engaged in sweeping the room and her back being turned four or five minutes), wandered into the lot, fell into the excavation and was drowned. The contention on the part of the defendant, at the trial, was that it owed no duty to the plaintiffs and was not liable to them for leaving the excavation uncovered.

"We reserved the question whether the defendant owed a duty to the plaintiffs, as guests of the tenants, to have guarded this excavation so as to avoid danger.

"The case was sent to the jury to find from the evidence whether the defendant was guilty of negligence in leaving the excavation unguarded, and whether the mother of the child, or its custodian the aunt, was guilty of contributory negligence. The jury found against the defendant and assessed the damages. The defendant then moved for judgment *non obstante veredicto;* and this brings us to consider the sole question for investigation:

"Is the defendant lessor liable in damages under these facts to the guests of the lessees and parents of the drowned child? The question is novel. No case precisely like it has been brought to our attention, and we must solve it on principle.

"First, then, it seems to us very clear that had this child been of the lessees' family there could be no recovery, because the family knew of the pit and were put upon their guard.

"Second. The presence of the drowned child on the premises

must fall under one of two classifications, to wit: either as a trespasser, or as a member of the lessees' family. In either case the parents cannot recover.

"As between the lessor and the child, and its parents, the lessor owed no duty. A duty to them could only arise out of some contract obligation, either express or implied. None exists, as out of some confidence or trust reposed, as where an express or implied license or invitation has been held out, or out of some duty to the public at large which would include them. This excavation was dug at the express solicitation of the lessees; and as between them and the lessor they could not complain if they fell into it, because they knew of its existence and could, with ordinary care, avoid it.

"Hydraulic Works Co. v. Orr, 83 Pa. 332, as qualified by Gillespie v. McGowan, 100 Pa. 144, 149, 45 Am. Rep. 365, means 'that a person who maintains such a dangerous trap [it was a platform in a private alley which leaned a little over plumb against a wall, requiring but little force to carry it over the perpendicular and then it would fall] close to a public highway in the heart of a large city, might be liable to a person injured thereby, although such person were a child of six years of age trespassing upon the premises; and the familiar principle was invoked that "one may not justifiably, or even excusably, place a dangerous pitfall or wolf trap, or a spring gun purposely to catch even wilful trespassers poaching on his own grounds." Hydraulic Works Co. v. Orr is authority only for its own facts. It was not intended to assert the doctrine that " a child cannot be treated as a trespasser or wrongdoer.' " Its authority was materially shaken in Gillespie v. McGowan, 100 Pa. 144, 45 Am. Rep. 365.

The latter case holds that a deep well 80 feet from the nearest highway on a private lot need not be guarded. So, too, Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684, holds that the owner of land, in the exercise of lawful dominion over it, may leave an excavation thereon, which is so distant from the highway that no one can reach it without becoming a trespasser, unprotected. Thus it is clear that if this mother and child had gone into this

lot without the sanction of the lessees and the accident had happened as it did, no one would be liable.    Then their presence on the lot was by the license of the lessees; and as their guests they became incorporated into their family, and thus they were lawfully on the premises, but upon the same conditions as to the lessor's accountability as the lessees; and thus the lessor was under no duty to the guests whatever.

"It would be far more reasonable to hold the hosts liable, for they were bound to reasonable diligence in warning and guarding their guests against known dangers while in their house. Where would such doctrine of the lessor's liability lead to ?  .  .  .

"The law does not demand that the owner of a tenement should be more careful of the children of a visitor than he should be for his own.    There are certain risks in life which we must all take and these are some of them.    We say again: to hold that the owner of the premises was liable under such circumstances is tantamount to holding that he is an insurer of the lives of his own family as well as the lives of all strangers who come within his gates.    If such be the law the owner dare not admit the children of another as guests where there are descending steps, open doors and windows, without having them so securely guarded that it is impossible for them to blunder and fall.    'If the dangers are patent and visible, the visitor who comes to and is received within the home must share these dangers in common with the other members of the family.'    Southcote v. Stanley, 1 Hurlst. & N. 247.

"In Flower v. Pennsylvania R. Co. 69 Pa. 210, 8 Am. Rep. 251, where a boy, at the request of the fireman, climbed upon the locomotive and was thrown off by a jar and killed, it was held that the company owed him no duty.

"In Knight v. Abert, 6 Pa. 472, 47 Am. Dec. 478, Ch. J. GIBSON says: 'A man must use his property so as not to incommode his neighbor; but the maxim only extends to neighbors who do not interfere with it or enter upon it.  .  .  .  If it were not so, a proprietor could not sink a well, or a saw pit, dig a ditch, or a mill race, etc.'

"While it is true where there is negligence and the injured

party is a child, its negligence cannot be set up, still it must be remembered in this case there was no negligence on the part of the defendant, because the pit was dug on its own land with the consent of and at the request of the lessees, so that the case stands as if there was no tenant, and the excavation was on defendant's own land, away from any public highway, and the child had wandered there.     The defendant was only called upon to guard against the lessees' injury, and the lessees, knowing all, were bound to protect their guests by warning or otherwise.

"It is true the jury found that the aunt was not guilty of negligence in taking care of the child; but we incline to the opinion that it was error under the evidence to submit this to them.     The admitted fact is that the aunt and custodian of the child had knowledge of the existence of this 'man trap,' as the zealous counsel for the plaintiffs call it, and having assumed the duty of guarding it during the absence of the mother, it was her bounden duty to see to it, that it did not escape her vigilance, and having permitted it to be exposed and alone for any time was negligence.

"For these reasons we must enter judgment for the defendant on the reserved point.     And now, January 12, 1884, the rule is made absolute and judgment is entered in favor of the defendant, to which plaintiffs except and bill sealed at their instance."

The assignment of error specified the action of the court in entering judgment for the defendant on the reserved point, *non obstante veredicto.*

*A. Reed* and *T. M. Uttley,* for plaintiffs in error.—The rule of duty in cases of negligence varies with circumstances.   Hydraulic Works Co. v. Orr, 83 Pa. 332.

Gillespie v. McGowan, 100 Pa. 144, 45 Am. Rep. 365, does not qualify Hydraulic Works Co. v. Orr, so as to affect its application to the case on hand.

In Gillespie v. McGowan the child lacked but a few months of being eight years of age, and the court held that the jury must be

allowed to pass upon the question of contributory negligence, which was done in this case.

A landlord who, being solicited by his tenant to have an outhouse repaired, gratuitously undertakes to make the repairs and negligently and unlawfully performs the work, whereby the tenant's wife is subsequently injured, is liable for the injury. Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548.

If a person, being on the premises of another on lawful business, without any fault or negligence of his own, falls through a hole on such premises, the occupier will be responsible, although the hole be necessary for carrying on the business of the occupier and there is no duty upon such occupier as between himself and his servants to keep the hole fenced. Indermaur v. Dames, L. R. 1 C. P. 274, L. R. 2 C. P. 311, cited and approved in 1 Addison on Torts, § 228.

While the defendant as landlord might not be liable to the tenant or his guest for any defects on the premises when rented, he certainly is liable for such gross negligence as this case exhibits, committed by him while the property was leased. Philadelphia & R. R. Co. v. Long, 75 Pa. 257; Kay v. Pennsylvania R. Co. 65 Pa. 269, 3 Am. Rep. 628; Woodbridge v. Delaware, L. & W. R. Co. 105 Pa. 460.

*D. W. Woods & Son,* for defendant in error.—No member of the lessee's family could recover damages for an injury resulting to him or her by falling into this hole, and the lessor's duty to a visitor is no higher or greater than to the members of the family. 1 Addison, Torts, pp. 280, 281, pl. 258.

If the dangers are patent and visible, the visitor who comes to and is received within the house must share those dangers in common with other members of the family. Southcote v. Stanley, 1 Hurlst. & N. 246; Addison, Torts, *supra.*

A visitor is at best merely a licensee. Baltimore & O. R. Co. v. Schwindling, 101 Pa. 258, 47 Am. Rep. 706; Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Woodbridge v. Delaware, L. & W. R. Co. 105 Pa. 460.

An owner of land may improve it in his own time and in his own way, so that he violates no duty that he owes to any adjacent

owner or to the public.   Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684; Gillespie v. McGowan, 100 Pa. 144, 45 Am. Rep. 365; Knight v. Abert, 6 Pa. 472, 47 Am. Dec. 478; Addison, Torts, *supra*.

PER CURIAM:

The opinion of the court on the reserved point contains a correct statement of the law applicable to the facts of this case. On that opinion the—

Judgment is affirmed.