25 F.Supp. 735 (1938)
FRANKLIN
v.
MAY DEPARTMENT STORES CO. et al.
No. 12715.
District Court, E. D. Missouri, E. D.
October 11, 1938.
J. M. Brown & Ephrim Caplan, of St. Louis, Mo., for plaintiff.
Carter & Jones and James E. Garstang, all of St. Louis, Mo., for defendant.
COLLET, District Judge.
The amended petition alleges: "that the defendant May Department Stores Company * * * now is, and at all times herein mentioned was, a Corporation * * * engaged in the business of owning and operating through its officers, agents and representatives a retail department store in the City of St. Louis, Missouri; that defendant Isadore Edward Saifer * * * is, and at all the times herein mentioned was, and for many years prior thereto had been the building manager for May Company in charge of the operation and maintenance of the premises housing said business and in charge of the use, operation and maintenance of the herein mentioned revolving doors;"
Plaintiff's wife was injured in a revolving door. That injury is the basis of this action.
Specific acts of negligence are charged, to wit:
1. That the door in question was not equipped with adequate friction strips to prevent rapid revolution.
2. That the friction strips were old, uneven, worn, torn and inefficient.
3. That the door and the friction strips were not inspected.
4. That the friction strips were not properly adjusted.
5. (Substantially same as assignments 1 and 2).
6. Failed to repair friction strips.
7. Failed to install any appliance to govern, regulate and retard speed of revolution.
*736 8. Failed to construct and operate door in such a manner that it would collapse when revolved at dangerous speed.
9. Failure to warn of dangerous and defective condition.
The motion to remand is based upon the assumption that the petition states a cause of action against the resident defendant Saifer. If the above quoted language fairly implies that Saifer had complete and exclusive authority over the management (Orcutt v. Century Bldg. Co., et al., 201 Mo. 424, 425, 99 S.W. 1062, 8 L.R.A.,N.S., 929) or control (Lambert v. Jones, 339 Mo. 677, 98 S.W.2d 752) of the building plaintiff's position is well taken. It will be noted that the language used does not allege complete and exclusive management or control in Saifer but to the contrary states that the corporate defendant is operating the building. True, it is alleged that the Corporation is operating the building through its agents and representatives, but such an allegation implies control by the Corporation of the "agents and representatives" rather than that exclusive control was vested in one particular agent. Fairly interpreted the meaning of the petition is in substance that the corporate defendant was managing and controlling the operation and maintenance of the building and door in question and that the defendant Saifer was its employee "in charge of the use, operation and maintenance" of the door under the managing direction of the corporate defendant. Under these circumstances the petition charges only non-feasance on the part of Saifer. Nowhere is it alleged that Saifer was guilty of active negligence as distinguished from non-feasance. See State ex rel. Hancock v. Falkenhainer, 316 Mo. 651, 291 S.W. 466. There can be no recovery from an agent or servant for nonfeasance alone unless the agent has assumed and actually commenced such a complete and exclusive control of management or operation as to warrant saying that he failed in discharging or completing a duty theretofore assumed and commenced. When the latter situation exists the entire obligation and duty to manage or control is viewed in its entirety as a single act to be performed and the assumption of the obligation is considered as the beginning of the actual performance of the single act the entire obligation. And the failure to perform an individual specific act forming part of the entire duty is taken out of the category of non-feasance as surely as is the negligent failure to guard or cover a partially completed excavation at night when persons might fall into it and be injured, Grant v. Tomlinson, 138 Mo.App. 222, 223, 119 S. W. 1079.
The motion to remand is overruled.