## BARBER v. DUNLOP TIRE & RUBBER CORPORATION et al.

### No. 4647.

District Court, W. D. Missouri, W. D.
June 14, 1947.

Trusty & Pugh and Guy W. Green, all of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Berger, Hecker & Buck, Henry A. Buck and W. H. Hoffstot, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The question for decision in this case is whether a local defendant was joined for the fraudulent purpose of preventing removal to this court. The suit was originally filed on September 4, 1945. The amount then sued for was $3,000, and the corporate nonresident defendant alone was named as a party defendant. The deposition of the plaintiff was taken on September 12, 1946, and the deposition of the resident defendant was taken on September 26, 1946.

The amended petition wherein the resident defendant was joined and the amount in controversy was raised to $10,000 was filed on February 12, 1947. Prior to that time, by a stipulation of counsel, the case had been set for trial in a state court. In the amended complaint amplified averments were made with respect to the acts and claimed culpability of the resident defendant.

By its petition for removal the corporate defendant challenges the truth of the averments with respect to the resident defendant and challenges the good faith of plaintiff in joining said defendant. Before the filing of the amended complaint, as indicated, the deposition of the plaintiff and the resident defendant had been taken. These depositions in no way support the averments of the amended complaint with respect to the participation of the resident defendant in the unfortunate experience of the plaintiff wherein he apparently was badly injured. On the contrary, the testimony of both the plaintiff and the resident defendant would indicate that the averments of the complaint were untrue in so far as they relate to the resident defendant, save only that in a general way he had charge of the elevator, the alleged offend-

ing instrumentality. Moreover, a question of good faith in the joining of the resident defendant is raised by the circumstances that the original petition was filed, as stated, on September 4, 1945 and the amended complaint was not filed until February 12, 1947. In the meantime depositions were taken and an agreed setting had been made for the trial of the case. The depositions disclose nothing that would indicate either greater damages or that the resident defendant was involved than was apparently known at the time the original petition was filed.

■■ It is the rule that a joinder is fraudulent if the facts alleged in plaintiff's pleading with reference to resident defendant appear to be so clearly false as to show that no factual basis exists for an honest belief on the part of the plaintiff that there is a joint liability. Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390; Polito v. Molasky, 8 Cir., 123 F.2d 258. The entire history of this case justifies a conclusion that the plaintiff joined the resident defendant fraudulently and that such joinder was a sham to prevent removal. In view of this conclusion the motion to remand should be and will be overruled.