### BARBER v. DUNLOP TIRE & RUBBER CORPORATION et al.

No. 4647.

District Court, W. D. Missouri, W. D.

Oct. 31, 1947.

Plaintiff per se.

Trusty & Pugh, E. E. Pugh, Henry W. Buck, and Morrison, Nurgent, Berger, Hecker & Buck, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The only question presented is whether the local defendant was fraudulently joined for the purpose of defeating the jurisdiction of this court. On June 14, 1947, a memorandum opinion was filed, 72 F.Supp. 789, overruling the motion to remand. In that opinion it was pointed out that the local defendant was belatedly joined and that in depositions taken the proof did not support the averments of the complaint or at least it did not support all of the averments of the complaint.

In view of the background of the case the court applied the doctrine generally used, falsus in uno, falsus in omnibus, and treated the joinder of the local defendant as a fraudulent one. Since that decision counsel for the plaintiff have filed an amended complaint and in so doing have eliminated concededly erroneous averments. With a renewed motion to remand counsel appended an affidavit setting forth facts justifying the joining of the local defendant and explaining erroneous averments heretofore made. It is now made to appear that the local defendant was joined in good faith and that a joint liability is asserted in the amended complaint. Such complaint was filed by leave of court.

It is the rule in cases of this kind that the court will not question the motive of joinder in the case of a local defendant. The court looks to the complaint and if it states a joint liability the only remaining question is whether or not the averments

are true, or, even if not true, whether the averments are made in good faith. The federal court cannot try the issue as to whether or not the averments are true.

Upon the second amended complaint filed by leave and upon the affidavits submitted in support of the motion to remand the court is satisfied of the good faith of the plaintiff and that the local defendant was not joined to defeat the jurisdiction of this court. So believing, the motion to remand should be sustained and it will be so ordered.