## LANDRETH v. PHILLIPS PETROLEUM CO. et al.

### No. 4910.

District Court, W. D. Missouri, W. D.

Dec. 9, 1947.

Raymond E. Martin, Cowgill & Popham, of Kansas City, Mo., for plaintiff.

H. H. Booth and Hogsett, Trippe, Depping & Houts, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This case was removed from a state court after the plaintiff had filed an amended complaint bringing the case within the jurisdiction of this court as to he amount in controversy. In addition to increasing the amount of recovery sought the plaintiff joined two local defendants.

Thereupon the non-resident corporate defendant removed the case to this court upon the ground that the amount in controversy being within the jurisdiction of this court and there being a diversity of citizenship insofar as the plaintiff and the corporate defendant are concerned, the resident defendants were joined fraudu-

lently for the sole purpose of preventing a removal. Moreover, it was charged that a joint cause of action was not stated against the corporate and resident defendants.

■ 1. An inspection of the amended complaint shows that joint liability is asserted by the plaintiffs. In substance it is charged that the corporate defendant, being engaged in certain operations within Kansas City, Missouri, the individual defendants were employed by it in several capacities and that they had actually entered upon the performance of their duties as employees of the corporate defendant.

It is alleged that the defendant Harris was employed at the plant of the corporate defendant, " * * * in the capacity of manager and assistant manager, being in general charge of said plant and premises and charged by his employer with the duty of exercising complete supervision over said plant and all the employees of defendant having duties at and about said plant and charged with keeping and maintaining all of said premises in a reasonably safe condition." This averment was followed by one:

"That at and prior to the occurrence herein complained of said individual defendants *had taken over the performance of their said respective duties and had entered upon the performance thereof and had assumed and were attempting to perform the duties of keeping the yard and tanks and premises herein complained of free from dangers to small children and maintaining and supervising said premises and serving their employer, the corporate defendant herein, in the matters and respects herein more particularly set forth."*

■ 2. It is the defendant's contention that it was merely a case of non-feasance on the part of the local defendants and therefore there could be no liability as to them and in consequence they could not be properly joined as defendants. This question was settled many years ago in the case of Orcutt v. Century Building Co., 201 Mo. 424, 99 S.W. 1062, 8 L.R.A., N.S., 929. It was held in that case that where an agent undertakes to do for a principal a specified duty *and has actual-*

*ly entered upon the performance of that work* and in doing it fails to respect the rights of third parties, by doing some wrong, whether of omission or commission, as where he fails or neglects to use reasonable care and diligence in the performance of that work, he is guilty of misfeasance and will be personally responsible to such third person who is injured by reason of such misfeasance.

One of my former associates, Honorable John Caskie Collet, in Franklin v. May Department Stores Co., D. C., 25 F.Supp. 735, loc.cit. 736, announced an identical doctrine.

■ In the very recent case of Barber v. Dunlop Tire & Rubber Co., D. C., 74 F.Supp. 580, decided by this court, a motion to remand was overruled for the reason that concededly erroneous averments were incorporated in the complaint in joining a local defendant and the motion to remand was overruled, upon the maxim, Falsus in uno, falsus in omnibus. The court declined to remand the case. Subsequently an amended motion to remand was filed and upon the facts then presented it appeared that the plaintiff had joined the local defendant in good faith and that there was a reason for bringing in the local defendant. When satisfied that no fraud had been committed and that the local defendant was joined in good faith, the court had no alternative except to remand the case. A controlling decision on that question is that of Chesapeake & Ohio R. v. Cockrell, 232 U. S. 146, loc.cit. 152 and following pages, 34 S.Ct. 278, 280, 58 L.Ed. 544, where the court said among other things:

"Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith * * *."

An examination of the depositions of the local defendants shows complete warrant to the plaintiff to join the local defendants and under such circumstances the good faith of the plaintiff can not be impugned. It would follow that the mo-

tion to remand should be sustained and the cause remanded to the state court from which removed. It will be so ordered.