Asa R. GILLETTE, Plaintiff,

v.

KOSS CONSTRUCTION COMPANY
et al., Defendants.

No. 10681.

United States District Court
W. D. Missouri, W. D.

March 14, 1957.

Dubiner, Gregg & Lewis, Kansas City, Mo., for plaintiff.

Watson, Ess, Marshall & Enggas, John J. Manning, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Plaintiff brought this suit originally in the Circuit Court of Jackson County, Missouri, against Koss Construction Company, an Iowa corporation, Dale M. Wilkinson and Arthur Barnes as co-defendants. Plaintiff and defendants Wilkinson and Barnes are citizens of Missouri. The corporate defendant removed this action here on the ground that the individual defendants were joined as parties defendant merely to destroy diversity of citizenship and prevent removal of the cause to this Court. Plaintiff moves to remand the case, denying that Wilkinson and Barnes were joined fraudulently. In addition, defendant Wilkinson moves for summary judgment in his favor and against plaintiff.

Plaintiff's petition for damages alleges that on May 23, 1953, he was struck and injured by a concrete mixer and subgrader operated by an agent of defendant corporation; that the agent was careless and negligent in the operation of this machine; that it is the custom and practice on concrete paving projects for all employees working near any paving machine to warn other persons nearby of the movement or intended movement of the machine; and that Wilkinson and Barnes, agents of defendant corporation, aware of the movement of the paving machine near which plaintiff was standing, failed to warn plaintiff of the approach of the machine in disregard of their duty under the customary practice.

Defendant Koss Construction Company's petition for removal alleges diversity of citizenship between it and the plaintiff, and the jurisdictional amount in controversy; that plaintiff's petition fails to state a cause of action for negligence against defendants Wilkinson and Barnes; and that there exists no custom or practice on concrete paving projects as alleged by plaintiff. In essence, defendant Koss Construction Company charges that Wilkinson and Barnes were joined fraudulently and in bad faith as defendants, and that their joinder was a fraudulent device for the sole purpose of preventing removal to the federal court.

An attempt to ascertain the good faith of a plaintiff in joining parties defendant raises vexing questions. Constantly, courts must be mindful of the right of a citizen of another state, when sued in a state court, to have the action transferred to a federal court, a right which cannot be nullified by plaintiff's fraudulent joinder of a resident defendant. On the other hand, we cannot ignore plaintiff's right of protection from any course which may constitute a virtual denial of his right to select his own adversaries in court. The vital issue in these cases is the good or bad faith of plaintiff in making citizens of his state parties defendant. The issue is difficult of solution because it is impossible to establish a clear delineation between wrongful and justifiable joinder. Each case must be examined alone and determined individually.

In every case of joinder of resident and non-resident defendants, the non-resident is privileged by removal to challenge the good faith of the plaintiff in joining the resident defendants. However, he has the heavy burden of showing that the joinder was made without any reasonable legal basis and solely to defeat removal. Clear and convincing evidence is needed compelling the conclusion that the joinder is without right and is made in bad faith. Adkins v. Blakey, D. C., 88 F.Supp. 473; Norwalk v. Air-Way Electric Appliance Corp., 2 Cir., 87 F.2d

317, 110 A.L.R. 183; Davis v. Standard Oil Co. of Indiana, 8 Cir., 47 F.2d 48.

In order to declare a fraudulent joinder, a court must be convinced that plaintiff, intentionally or otherwise, joined as a party defendant one who cannot be liable to plaintiff on any reasonable legal ground on the cause of action set out in the complaint. Where it is clear from the evidence that legally the defendant who is a resident of the same state as plaintiff cannot be liable to plaintiff on any legal ground pleaded, the plaintiff is suing improperly and the federal court should not hesitate to retain jurisdiction after removal. But where plaintiff, pursuing a legal right, states a cause of action against joint tortfeasors, and substantially nothing exists to impugn his good faith, no fraudulent joinder is proved. Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788; Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090; Landreth v. Phillips Petroleum Co., D.C., 74 F.Supp. 801.

If it is debatable whether recovery is possible against the resident defendant under Missouri law, or if it is questionable whether the state court would give judgment against him, there is still no fraudulent joinder; for even though plaintiff may be in error with respect to both facts and law, fraud cannot be predicated upon his mistaken conclusions. A lack of exact precedent creating a doubt as to whether a resident defendant is legally liable does not render plaintiff's joinder fraudulent. Dudley v. Community Public Service Co., 5 Cir., 108 F.2d 119.

Furthermore, a deliberate intent on the part of the plaintiff to preclude removal to this court by joining resident defendants does not necessarily show that his joinder was not in good faith. That his motive or purpose in so doing is to defeat removal is not material, if it is shown to be made with reasonable basis in law. We are not concerned with plaintiff's mere intent if he is acting within his legal rights as he thinks them to be, irrespective of the ultimate result.

Clancy v. Brown, 8 Cir., 71 F.2d 110; Harward v. General Motors Corp., D.C., 89 F.Supp. 170.

In ascertaining here whether the joinder of the resident defendants was made in good faith, I must restrict myself to the allegations of plaintiff, and cannot consider the merits of the case. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Huffman v. Baldwin, 8 Cir., 82 F.2d 5. In determining removability, the Court is required to consider no more than whether there was a real intention to obtain a joint judgment, and whether there is colorable grounds for it shown. I am not required virtually to try doubtful issues of law or questionable issues of fact tendered by the complaint. I may disregard plaintiff's errors of law and fact, and look only for a reasonable legal basis of recovery on the cause of action as pleaded.

Plaintiff seeks recovery for the alleged negligence of the defendant corporation and two of its agents, Wilkinson and Barnes. The basis for recovery against the corporation is the alleged negligence of an agent in the operation of a paving machine. Against Wilkinson and Barnes, the basis is the negligence of these two men in failing to warn plaintiff of the approach of the paving machine in disregard of a duty imposed upon them by a custom of the trade to so warn. By pleading these facts the plaintiff has proffered a reasonable legal basis for recovery. The factual questions as to negligence of the corporation, the existence of the alleged custom, and the failure of Wilkinson and Barnes to warn plaintiff are, of course, in controversy, and are matters of evidentiary proof. To determine these matters would be to adjudicate the merits of the plaintiff's case.

For the foregoing reasons, I remand this case to the Circuit Court of Jackson County, Missouri, at Kansas City, from whence it was removed. Plaintiff's motion to remand is sustained.

This ruling disposes also of defendant Wilkinson's motion for summary judg-

ment. It is not proper that I consider this motion in view of my order to remand. The motion for summary judgment is denied without prejudice.

It is so ordered.