**EL DORADO SPRINGS R–2 SCHOOL DISTRICT, Plaintiff,**

v.

**Harold E. MOOS, and the Employers Mutual Casualty Company, Defendants.**

**No. 2302.**

United States District Court
W. D. Missouri, S. D.

March 7, 1967.

Duke W. Ponick, Jr., of Foust, Moudy & Jacobson, Kansas City, Mo., for plaintiff.

Dean Arnold and William H. Sanders, of Caldwell, Blackwell, Sanders & Matheny, Kansas City, Mo., for defendants.

## ORDER OF REMAND

COLLINSON, District Judge.

This case was originally filed in the Circuit Court of Cedar County, Missouri, on November 9, 1966, and was removed to this Court on December 8, 1966, by defendant Employers Mutual Casualty Company (Employers). The petition contains two alternate counts, the first in contract and the second in tort. Plaintiff alleges that it was issued an insurance policy by Employers covering loss of certain property, including a high school and its contents. The high school was subsequently totally destroyed by an "explosion and fire."

In Count I plaintiff seeks to recover the face amount of the policy for the loss of the school building and its contents, $169,000.00 and $20,000.00 respectively, plus an additional $18,900.00 for "vexatious delay and for reasonable attorney's fees." In alternate Count II plaintiff seeks to recover from Harold E. Moos, Employers' agent, and Employers jointly for misrepresentation in the event the Court does not award the face amount of the policy for the loss. Plaintiff claims that Moos, acting in his capacity as Employers' agent, represented that he had superior knowledge of insurance matters and further represented that the face amount would be paid in the event *any* insured peril caused a total destruction of the property, which representation he knew to be false.

Defendant Employers removed the case to this Court alleging diversity of citizenship with the requisite jurisdictional amount in controversy. According to the removal petition, plaintiff is a school district organized under Missouri law with its principal (and only) place of business in Missouri, and Employers is a corporation organized under Iowa law

with its principal place of business in Iowa. Individual defendant Moos is a citizen of Missouri. However, Employers claims that Moos' citizenship does not defeat diversity for two reasons: (1) Count I naming only Employers states a separate and independent claim or cause of action under 28 U.S.C. § 1441(c) thereby allowing removal of the entire suit, and (2) Missouri citizen Moos is fraudulently joined to prevent removal and defeat federal jurisdiction.

The case is now before the Court on plaintiff's motion to remand. Both plaintiff and Employers have aided the Court with extensive suggestions setting out their respective arguments.

Section 1441(c), Title 28 U.S.C., which was enacted in 1948, established the "separate and independent claim or cause of action" removal rule:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The leading case on the construction of this section is American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The *Finn* case involved a suit for fire loss filed in a Texas court by a Texas citizen against two foreign insurance companies (American Fire & Cas. Co., a Florida corporation, and Indiana Lumbermens Mutual Ins. Co., an Indiana corporation) and the individual local agent for both companies, a Texas citizen. The claims against the two insurance companies were in the alternative: if the American Fire policy did not cover the loss, then the Indiana Lumbermens policy covered it. The third alternative claim was against the resident agent for failure to keep the property insured in the event neither policy covered the loss.

The insurance companies joined in removing pursuant to § 1441(c), claiming that the counts involving them stated "separate and independent claim[s] or cause[s] of action." Plaintiff was unsuccessful in remanding but obtained a judgment against the Florida defendant, American Fire & Casualty Company. The Court of Appeals for the Fifth Circuit affirmed, 181 F.2d 845 (5th Cir. 1950), and the Supreme Court granted certiorari. The Court reversed and remanded with directions to vacate the judgment unless the jurisdictional defect was corrected.

The Supreme Court discussed both the old "separable controversy" rule under 28 U.S.C. § 71 (1946 ed.), and the effect of the new language found in § 1441(c), and found that "another and important purpose [of change from separable controversy to separate and independent claim or cause of action] was to limit removal from state courts." 341 U.S. at 10, 71 S.Ct. at 538. The Court realized the difficulty involved in defining cause of action, and quoted from Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927):

> Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a *single wrongful invasion of a single primary right* of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.
>
> *A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.* (Emphasis added.)

The Court then concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540.

The Court applied this test to the facts of the *Finn* case and found that there were no separate and independent claims as required by § 1441(c) because each of the alternate claims arose from the same basic transaction involving the local agent.

The *Finn* case was followed in this District by Judge Becker in Young Spring & Wire Corp. v. American Guar. & Liab. Ins. Co., 220 F.Supp. 222 (W.D. Mo.1963). Judge Becker reviewed the policy of strict construction against federal jurisdiction in diversity cases and noted a number of reasons why it is a sound rule. One practical consideration was that "if removal is permitted in a doubtful case and the defendant who removed suffers an adverse judgment he may attack the removability of the case on appeal and secure a reversal on the grounds of lack of jurisdiction of the District Court." 220 F.Supp. at 228. This was precisely the situation in *Finn*. In the *Young* case, which involved alternate insurance claims, the Court held "the single wrong for which relief is sought is to pay compensation for this loss." Thus no separate and independent claim was present even though different basis of liability were asserted against the different defendants.

A similar result was reached in Gustaveson, Inc. v. Graybar Elec. Co., 222 F.Supp. 473 (W.D.Mo.1963). There plaintiff sued Graybar in Count I for breach of contract, and Allen-Bradley in Count II for inducing that breach of contract, a tort. The Court cited *Finn* and *Young*, in addition to a number of other cases, some of which were conflicting, and found that while these facts might support a separable controversy under the old rule no separate and independent claim was present, as required by § 1441(c).

The strictness of the new rule is indicated in 1 Barron & Holtzoff, Federal Practice & Procedure § 105, p. 494 (1960), which states "It is difficult to see how there can ever be a diversity case properly removed under this statute [§ 1441(c)] in the light of the construction placed on it in the Finn case." Other authorities are in substantial agreement. In footnote 73.11 to § 105, 1 Barron & Holtzoff, supra, a number of insurance cases involving suit against the company and resident agent are cited: Ingersoll v. Pearl Assur. Co., 153 F.Supp. 558 (N.D.Cal. 1957); Chason Bros. v. Insurance Co. of North America, 102 F. Supp. 803 (S.D.N.Y.1952). In the *Ingersoll* case the Court found the joinder was fraudulent and denied remand, but in the *Chason* case remand was granted. In *Chason* the Court quoted a footnote from *Finn* which stated that where

> the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal. 102 F.Supp. at 805.

In view of the above authorities, it seems clear that in the instant case Count I might be considered a "separable controversy," but not a "separate and independent claim or cause of action." Only one loss is alleged and only one recovery sought.

This leaves the defendant's second contention, that the joinder of the resident agent of defendant was fraudulently done to defeat removal.

The general subject of fraudulent joinder in diversity cases as a bar to removal is discussed in 1A Moore's Federal Practice ¶ 0.161[2], where it is stated that "parties fraudulently joined may be disregarded in determining diversity." It is further stated:

> The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. If there is a possibility that the plaintiff

has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defective statement of the plaintiff's action warrant removal.

■ The meaning of the term "fraud" in this context is defined in 2 Cyclopedia of Federal Practice § 3.71 (3d ed. 1965):

The term 'fraud' in this connection signifies either intentionally, or otherwise, joining as a party defendant one who cannot be liable to the plaintiff on any reasonable legal ground on the claim or cause of action set up in the complaint.

Here also it is noted that a mere mistake on the part of the plaintiff will not constitute fraud:

If plaintiff, upon reasonable grounds and in good faith, believes that defendants are jointly liable to him, and properly makes it so appear, his joinder of defendants is not fraudulent, however the truth turns out to be.

One of the leading cases on this point is Chesapeake & Ohio R.R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914), in which the rule on fraudulent joinder was set out:

So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder will not suffice: *the showing must be such as compels the conclusion that the joinder is without right and made in bad faith * * *.* (Emphasis added.)

In Bolstad v. Central Surety & Ins. Corp., 168 F.2d 927, 928 (8th Cir. 1948), the Court noted a distinction between a jurisdictional defect and an affirmative defense:

On the question of removal, it is unnecessary 'to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown * * *.' It is not necessary 'to decide whether a flaw could be picked in the declaration [complaint] on special demurrer.' * * * Doubtful issues of law and fact are to be decided by the court having jurisdiction to try the case, and are not to be determined in the removal proceedings. * * * Whether, upon the facts alleged, the plaintiffs are entitled to maintain these actions is not a question affecting jurisdiction, but one relating to the merits of the cases.

■ In Dodd v. Fawcett Pub., Inc., 329 F.2d 82, 85 (10th Cir. 1964), the Court looked beyond the pleadings to determine the question of fraudulent joinder. The Court stated:

But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available [cases cited]. The joinder of a resident defendant against whom no cause of action is stated is patent sham, [cases cited] and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists [cases cited].

However, the Court drew a line when it concluded

This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.

Thus it is made clear that the merits of the case are not to be tried in the removal proceeding unless there are no disputes as to the facts.

■ A good statement of the law was given by Judge Smith in an often-

cited case, Gillette v. Koss Const. Co., 149 F.Supp. 353, 355 (W.D.Mo.1957):

In order to declare a fraudulent joinder, a court must be convinced that plaintiff, intentionally or otherwise, joined as a party defendant one who cannot be liable to plaintiff on any reasonable legal ground on the cause of action set out in the complaint. * * *

If it is debatable whether recovery is possible against the resident defendant under Missouri law, or if it is questionable whether the state court would give judgment against him, there is still no fraudulent joinder; for even though plaintiff may be in error with respect to both facts and law, fraud cannot be predicated upon his mistaken conclusions. * * *

Furthermore, a deliberate intent on the part of the plaintiff to preclude removal to this court by joining resident defendants does not necessarily show that his joinder was not in good faith. That his motive or purpose in so doing is to defeat removal is not material, if it is shown to be made with reasonable basis in law. * * *

In ascertaining here whether the joinder of the resident defendants was made in good faith, I must restrict myself to the allegations of the plaintiff, and cannot consider the merits of the case. * * * I am not required virtually to try doubtful issues of law or questionable issues of fact tendered by the complaint. * * *

Judge Smith also noted that the defendant "has the heavy burden of showing that the joinder was made without any reasonable legal basis and solely to defeat removal. Clear and convincing evidence is needed compelling the conclusion that the joinder is without right and is made in bad faith." 149 F.Supp. at 354. This statement seems to be the general law on this issue.

In Chumley v. Great Atlantic & Pac. Tea Co., 191 F.Supp. 254, 256 (M.D.N.C.1961), the Court noted that the defendant had the burden of proving fraud, and "In case of doubt, the issue should be resolved in favor of state court jurisdiction, the forum selected by the plaintiff." Further, "In considering a motion to remand, the federal court will not consider whether a flaw could be found in the complaint on a special demurrer."

For the above reasons, it is

Ordered that this cause be remanded to the Circuit Court of Cedar County, Missouri, at defendant's costs.